UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

In re:                                              :
                                                    :
TRICO MARINE SERVICES, INC.,          :          Chapter 11 (Confirmed)
et al.,                                             :          Case No.: 04-17985(SMB)
                                                    :
                        Debtors.              :
-------------------------------------------------------X
STEVEN SALSBERG, ESQ. and GLORIA  :
SALSBERG,                                      :
                                                    :
                        Plaintiffs,            :
                                                    :
                                                    :
        - against -                              :          Adv. Proc. No. 05-2313
                                                    :
TRICO MARINE SERVICES, INC.,          :
TRICO MARINE ASSETS, INC.,             :
TRICO MARINE OPERATORS, INC.        :
and TRICO MARINE INTERNATIONAL,  :
INC.                                               :
                                                    :
                        Defendants.           :
-------------------------------------------------------X

## OPINION AND ORDER DENYING
## PLAINTIFFS' MOTION FOR REARGUMENT

**A P P E A R A N C E S :**

KIRKLAND & ELLIS LLP
Attorneys for Defendant
Citigroup Center
153 East 53rd Street
New York, New York 10022-4675

        Matthew Solum, Esq.
        Peter Asplund, Esq.
                Of Counsel

STEVEN C. SALSBERG, ESQ.
Plaintiff Pro Se
205 West 88th St., #2D
New York, NY 10024
LAW OFFICE OF JOSEPH P. GARLAND

Attorney for Plaintiff Gloria Salsberg
275 Madison Ave., 11th Floor
New York, NY 10016

      Joseph P. Garland, Esq.
          Of Counsel

**STUART M. BERNSTEIN**
**Chief United States Bankruptcy Judge:**

      The Court's <u>Opinion and Order Denying Plaintiffs' Motion for Leave to Amend the Complaint</u>, dated Nov. 22, 2006 (the "<u>Opinion</u>")(ECF Doc. # 59) denied the plaintiffs' motion for leave to file and serve a Second Amended Complaint (the "SAC").  The proposed pleading sought to add Trevor Turbidy, Trico's former chief financial officer and present chief executive officer, as a defendant on a claim alleging "fraud on the court."  The plaintiffs contended that Turbidy committed perjury at the confirmation hearing when he testified that Trico's 2004 fourth quarter results were not materially different from the projections in the disclosure statement.

      The <u>Opinion</u>, citing two reasons, concluded that the SAC failed to state a claim upon which relief could be granted:

> First, the claims against Turbidy rest solely on Turbidy's alleged perjury at the confirmation hearing, and the Salsbergs do not allege that an officer of the Court perpetrated the fraud.  Second, the SAC fails to allege that Steven had <u>no</u> opportunity to demonstrate the falsity of Turbidy's testimony.  Indeed, Steven raised the issue of the actual fourth quarter results during his interrogation of Turbidy, who he called as his own witness, and had the chance to expose his lies.  He was simply not prepared to meet Turbidy's allegedly false testimony.

(<u>Opinion</u>, at 11-12.)

      The plaintiffs then made this motion for reargument.  They insist that they did argue that Turbidy was an "officer of the court," and I overlooked that argument.  In truth, they never made the argument they now think they made.  Accordingly, the motion for reargument is denied.

# DISCUSSION

## A.    Standard for Reargument

Local Bankruptcy Rule 9023-1(a) governs motions for reargument or reconsideration.  It states:

> A motion for reargument of a court order determining a motion shall be served within 10 days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within 10 days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion.  The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally.

The movant must show that the court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision."  Anglo American Ins. Group, P.L.C. v. CalFed Inc., 940 F. Supp. 554, 557 (S.D.N.Y. 1996)(quoting Morser v. AT & T Info. Sys., 715 F. Supp. 516, 517 (S.D.N.Y. 1989)); accord Banco de Seguros del Estado v. Mut. Marine Offices, Inc., 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002), aff'd, 344 F.3d 255 (2d Cir. 2003); Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999); Farkas v. Ellis, 783 F. Supp. 830, 832-33 (S.D.N.Y.), aff'd, 979 F.2d 845 (2d Cir. 1992).  "Alternatively, the movant must demonstrate the need to correct a clear error or prevent manifest injustice."  Griffin Indus., 72 F. Supp. 2d at 368 (internal quotation marks and citations omitted); accord Banco de Seguros del Estado, 230 F. Supp. 2d at 428.

The rule permitting reargument is strictly construed to avoid repetitive arguments on issues that the court has already fully considered.  Griffin Indus., 72 F. Supp. 2d at 368; Monaghan v. SZS 33 Assocs., L.P., 153 F.R.D. 60, 65 (S.D.N.Y. 1994); Farkas, 783 F. Supp. at 832.  In addition, the parties cannot advance new facts or arguments; a motion for reargument is

not a vehicle for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)(discussing Rule 59); accord Griffin Indus., 72 F. Supp. 2d at 368 (discussing motions for reargument).

**B.    The Motion For Leave To Amend**

When the plaintiffs moved for leave to file and serve the SAC, Trico opposed the motion on several grounds.  Trico argued, inter alia, that the "fraud on the court" claim alleged against Turbidy was futile, or legally insufficient, essentially because "fraud on the court" did not cover an isolated instance of perjury by a witness.  (Defendants' Memorandum of Law in Opposition to Motion to Amend the Amended Complaint, dated July 10, 2006, at 10 ("[T]he accusation that a witness made misstatements in court is simply insufficient to bring a claim for fraud on the court.")(ECF Doc. # 44.)  Trico's opposition did not address the "officer of the court" element of the claim.

The plaintiffs nevertheless understood that Trico had raised it.  In reply, they maintained that "Trico's arguments regarding . . . whether or not court officers are implicated . . . are irrelevant because they neglect the procedural context of the confirmation process in which the alleged fraud-on-the-court took place as well as a debtor's statutory obligations under the bankruptcy code in obtaining confirmation of a plan."  (Plaintiff's Reply Memorandum of Law, dated July 26, 2006, at 6)("Plaintiff's Leave Reply")(ECF Doc. # 49.)  According to the plaintiffs, lying during the confirmation process was what made the difference, and "fraud on the court" would, therefore, cover a fraudulent misstatement by a plan proponent that was not connected with the debtor or any fiduciary.

4

Indeed, "[t]he confirmation process and the confirmation hearing are distinct from an adversary proceeding and thus Trico's analysis is fundamentally flawed and the cases referenced inapplicable." (Id.)  Accordingly, "fraud on the court" connected to the confirmation process can be established "without the necessity and notwithstanding any analysis relating to Hazel-Atlas Glass Co. v. Hartford-Empire Co., and its progeny (which generally related to adversary proceedings and pre-trial discovery)." (Id. at 8)(footnote omitted.)

Even when the plaintiffs addressed Hazel-Glass, they disregarded the "officer of the court" requirement.  They discussed only two elements or dimensions:  the gravity of the fraud and the other party's diligence.  They ignored the identity of the perpetrator.  (Id.)

The Opinion implicitly rejected the distinction that the plaintiffs attempted to draw between confirmation hearings and adversary proceedings.  The Opinion discussed Hazel-Atlas and its progeny, and based its ruling on the requirements for "fraud on the court" enunciated by those cases, which included a substantial body of Second Circuit law.  The Court concluded that the claim against Turbidy was legally insufficient, inter alia, because he was not an "officer of the court," an issue the plaintiffs expressly viewed as irrelevant.

## C.    The Reargument Motion

Despite their prior disclaimer, the plaintiffs now contend that I overlooked their earlier arguments that Turbidy was an "officer of the court" because he was the chief financial officer of Trico who, as debtor in possession, was an "officer of the court," and that an isolated perjury by an "officer of the court" rises to the level of "fraud on the court."  (See Plaintiffs' Memorandum of Law in Support of Motion for Reargument, dated Dec. 4, 2006, at 2-3) ("Plaintiffs'

5

Reargument Memorandum") (ECF Doc. # 63.)  Suffice it to say, the plaintiffs never made these

arguments.  Perhaps the best proof is that the principal decisions they now cite to show that the

debtor in possession and/or its officers are "officers of the court", Gumport v. China Int'l Trust

& Inv. Co. (In re Intermagnetics America, Inc.), 926 F.2d 912 (9th Cir. 1991), Nicholas v.

United States, 384 U.S. 678, 690 (1966), Official Committee of Unsecured Creditors v. H.B.

Michelson (In re H.B. Michelson), 141 B.R. 715 (Bankr. E.D.Cal. 1992) and Tri-Can, Inc. v.

Fallon (In re Tri-Can, Inc.), 98 B.R. 609 (Bankr. D. Mass. 1989), (see Plaintiffs' Reargument

Memorandum, at 3-4), were not cited or discussed in their reply to Trico's opposition to the

motion for leave to amend.[1]  If the plaintiffs did not cite these decisions, they are hard-pressed to

show that I overlooked them.

    The plaintiffs point to only one reference to an "officer of the court" in the entire and

lengthy record made on the motion to amend.  It occurred mid-way through the August 10, 2006

argument on the plaintiffs' motion, but arose in a different context.  Mr. Salsberg reiterated the

argument that a debtor in possession has a greater duty of candor in connection with the

confirmation hearing.   (Transcript of hearing, held Aug. 10, 2006, at 39)(ECF Doc. # 53.)  In

support, he referred to the quotation from the Tenn-Fla decision discussed in the earlier

footnote.[2]  In response to the Court's question, he implied that Trico should have called Turbidy

---

[1]      Michelson was cited in a quotation from Tenn-Fla Partners v. First Union Nat'l Bank (In re Tenn-Fla
Partners), 229 B.R. 720, 730-31 (W.D. Tenn. 1999), aff'd, 226 F.3d 746, 750 (6th Cir. 2000).  (See Plaintiff's Leave
Reply, at 6 & n.15.)  The quotation did not deal with the status of debtors in possession or their officers as "officers
of the court."  Instead, it addressed the duty of candor surrounding a confirmation proceeding.  The breach of a
heightened duty of disclosure may make a fraud finding more likely, but it does not follow that (1) a debtor in
possession is an "officer of the court" within the meaning of the requirements for "fraud on the court,", (2) the
officers of the debtor in possession are also "officers of the court," or (3) every isolated perjury by an "officer of the
court" automatically becomes converted into a "fraud on the court,'' propositions central to the plaintiffs' current
argument.

[2]      The transcript referred to the decision as "Tenth Law."

as its own witness to clarify the facts in the disclosure statement rendered inaccurate by the passage of time, (id. at 40-41), and this greater duty of candor arose from the debtor in possession's status as an "officer of the court."  (Id. at 42.)

This was the extent of the reference to a concept that the plaintiffs contend was overlooked.  It was never briefed.  Moreover, the reference was to the status of Trico.  The plaintiffs never stated or implied, as they do now, that Turbidy was "an officer of the court" because he was the chief financial officer of Trico.  Accordingly, the motion is denied.  The parties are directed to schedule a status conference for the purpose of fixing deadlines for the completion of any remaining fact and expert discovery, and for the trial of this matter.

So ordered.

Dated: New York, New York
       January 16, 2007


                        /s/ *Stuart M. Bernstein*
                           STUART M. BERNSTEIN
                        Chief United States Bankruptcy Judge

8